JAMES R. EVANS, JR. (State Bar No. 119712)
KAITLIN H. OWEN (State Bar No. 305653)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:   213-576-1100
Email:  james.evans@alston.com
        kaitlin.owen@alston.com

Attorneys for YOUNG'S MARKET COMPANY, LLC and REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC

Kane Moon (State Bar No. 249834)
Allen Feghali (State Bar No. 301080)
Enzo Nabiev (State Bar No. 332118)
**MOON & YANG, APC**
1055 W. Seventh Street, Suite 1880
Los Angeles, CA  90017
Telephone:  (213) 232-3128
Facsimile:  (213) 232-3125
Email:  kane.moon@moonyanglaw.com
        allen.feghali@moonyanglaw.com
        enzonabiev@moonyanglaw.com

Attorneys for Plaintiff SERGIO MEZA JIMENEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MEZA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUNG'S MARKET COMPANY, LLC, a limited liability company, REPUBLIC NATONAL DISTRIBUTING COMPANY, LLC, a limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:21-CV-02410<br><br>[Assigned to the Honorable Edward M. Chen, Dept. 5]<br><br>[Removed to the Northern District of California on April 2, 2021]<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED]ORDER**<br><br>Date:   October 12, 2021<br>Time:  1:30 pm<br>Dept.:  5<br><br>Complaint Filed:  February 26, 2021 |

1

correction

**TO THE HONORABLE EDWARD M. CHEN:**

Plaintiff Sergio Jimenez ("Plaintiff") and Defendants Young's Market Company, LLC ("Young's") and Republic National Distributing Company, LLC ("RNDC") (collectively, "Defendants") submit this joint case management statement in accordance with Rule 16-9 of the Civil Local Rules, Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Standing Order.  The Parties, through counsel, conducted Rule 26(f) conferences[1] telephonically on July 12, 2021 and September 23, 2021.

## I.     JURISDICTION & SERVICE

### A.     Plaintiff's Position

Plaintiff filed this case on February 26, 2021, in the California Superior Court for the county of Santa Clara. On April 2, 2021, Defendant removed this case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  On July 22, 2021, Plaintiff filed a Motion to Dismiss class claims and individual claims without prejudice. This Court granted Plaintiff's Motion to Dismiss on August 16, 2021, only leaving Plaintiff's representative claim under the PAGA. All parties to the action have been served and have appeared, and there are no issues regarding personal jurisdiction. However, Plaintiff plans on filing a Motion to Remand since there is no jurisdiction under CAFA.

### B.     Defendants' Position

Defendants properly removed this action under the Class Action Fairness Act of 2005 ("CAFA") because, at the time of removal, Plaintiff had asserted claims on a classwide basis in the original complaint for which (1) the number of proposed class members was not less than 100; (2) any member of the proposed class was a citizen of a state different from any defendants; and (3) the aggregated amount in controversy

---

[1] The Parties initially conducted their Rule 26(f) conference on July 12, 2021; however, shortly thereafter, the Parties received notice from the Court on July 14, 2021 that the Initial Case Management Conference had been continued to October 12, 2021. Accordingly, the Parties had another Rule 26(f) conference on September 23, 2021 in anticipation of the October 12, 2021 Case Management Conference.

exceeded $5 million, excluding interests and costs.  28 U.S.C. § 1332(d), (d)(5), and 1453(b).  Although Plaintiff's class claims have since been dismissed, this Court retains supplemental jurisdiction over Plaintiff's remaining PAGA claim in the First Amended Complaint ("FAC") as it is related to the class claims asserted in the original Complaint.  *See* 28 U.S.C. § 1367(a); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("[A] district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction [under CAFA]…").

## II.     BRIEF FACTUAL SUMMARY

### A.     Plaintiff's Position

Plaintiff's claims arise from Defendant's alleged violation of the California labor laws. Specifically, throughout the statutory period, Defendant maintained a policy and practice of requiring Plaintiff and the Class to perform work "off-the-clock".  For example, Defendants required Plaintiff and the Class to wait in line in order to go through a security check after clocking out each workday, and after clocking out for meal breaks.  This included a bag search.  Further, throughout the statutory period, Plaintiff and the Class were paid based on an alternative workweek schedule, working 4 days per week and at least 10 hours each workday.  However, Defendants did not satisfy the requirements for an alternative workweek schedule at the location in which Plaintiff and the Class were employed. Also, throughout the statutory period, Plaintiff and the Class received non-discretionary bonuses during their employment, but Defendant failed to include all remuneration when determining the regular rate of pay for purposes of paying overtime premiums at the correct rate of pay.

Plaintiff also alleges that Defendant did not provide and maintain appropriate meal and rest breaks practices, which resulted in frequently missed, interrupted, short, or late breaks. Plaintiff makes derivative claims under Labor Code section 226, and 203.

/ / /

/ / /

### B. Defendants' Position

Plaintiff began working for Defendant Young's in California on November 11, 2019 as a seasonal worker in the Morgan Hill Distribution Center.[2] After his assignment as a seasonal worker ended, Plaintiff was hired as a probationary warehouse worker on January 15, 2020. During his employment, Plaintiff was a member of the union and the terms and conditions of Plaintiff's employment with Young's were set forth in a collective bargaining agreement ("CBA"). The CBA contains various provisions applicable to union members such as Plaintiff, including but not limited to the work week and hours, meal periods and rest breaks, overtime and premium pay, paid time off, arbitration and resolution of grievances, leaves of absence, and holidays.

As set forth in the applicable CBA, the first 480 hours of compensated employment shall be probationary for warehouse workers such as Plaintiff. In addition to completing the hours requirement, Plaintiff was required to complete certain specified tasks before becoming a regular employee. Plaintiff failed to do so. As such, on April 6, 2020, Plaintiff's employment with Young's was terminated. That same day, Young's processed and issued Plaintiff's final paycheck, which included all wages owed to him.

Defendants deny that they engaged in any of the unlawful conduct alleged in the First Amended Complaint.

## III. LEGAL ISSUES

### A. Plaintiff's Position

1. Whether Defendant failed to pay Plaintiff and the aggrieved employees for all hours worked, including minimum wages, straight time wages, and overtime wages;

2. Whether Defendant failed to provide meal periods and pay meal period premium wages to Plaintiff and the aggrieved employees;

3. Whether Defendant failed to authorize and permit rest periods and pay rest

---

[2] At no point was Plaintiff employed by Defendant RNDC.

period premium wages to Plaintiff and the aggrieved employees;

    4.    Whether Defendant failed to promptly pay all wages due to Plaintiff and the aggrieved employees upon their discharge or resignation;

    5.    Whether Defendant failed to maintain accurate records of all hours Plaintiff and the aggrieved employees worked, and all meal periods Plaintiff and the aggrieved employees took or missed;

    6.    Whether Defendant failed to provide accurate itemized wage statements to Plaintiff and the aggrieved employees;

    7.    Whether Defendant violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their allegedly illegal conduct as described above.

### B. Defendants' Position

The key legal issues in this matter are: (1) Whether Defendants failed to properly pay Plaintiff the minimum wage and regular rate of pay during his employment with Young's; (2) Whether Defendants failed to pay Plaintiff overtime during his employment with Young's; (3) Whether Defendants failed to provide Plaintiff with complaint meal periods during his employment with Young's; (4) Whether Defendants failed to authorize and permit Plaintiff to take rest breaks during his employment with Young's; (5) Whether Defendants failed to pay Plaintiff with his final wages at termination during his employment with Young's; (6) Whether Defendants failed to provide Plaintiff with accurate itemized wage statements during his employment with Young's; (7) Whether Defendants engaged in unfair business practices during Plaintiff's employment with Young's; (8) Whether Plaintiff's state law claims are preempted, in whole or in part, by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), to the extent that such claims are substantially dependent on analysis or interpretation of the terms of the collective bargaining agreement applicable to Plaintiff's employment with Young's; (9) Whether Plaintiff's claims are preempted by the Federal Motor Carrier Safety Act and the regulations promulgated thereunder, as administered by the Federal Department of Transportation and the Federal Motor

Carrier Safety Administration; (10) Whether Plaintiff is an "aggrieved employee" pursuant to California Labor Code section 2699 *et seq.*; (11) Whether Plaintiff's claims are manageable and proper for treatment as a representative action; and (12) Whether Plaintiff was employed by Defendant RNDC during the relevant time period.

## IV. MOTIONS

### A. Plaintiff's Position

Plaintiff intends to bring a Motion to Remand.

### B. Defendants' Position

Defendants intend to bring a Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff's Position

Plaintiff does not anticipate the need to amend his pleadings but reserves the right to do so in the event it becomes necessary in the future.

### B. Defendants' Position

Defendants do not anticipate amending their Answers at this time; however, to the extent they discover additional information, they reserve the right to do so in the future.

## VI. EVIDENCE PRESERVATION

Counsel has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and agreed at the Rule 26(f) conferences of counsel that there are no anticipated concerns related to electronically stored information.

## VII. DISCLOSURES

The Parties agreed and stipulated to an exchange the Rule 26(a) Initial Disclosures on or before October 7, 2021. The Parties reserve the right to modify, amend, or supplement their initial disclosures subject to further investigation, discovery, the addition of parties, or further amendment to the pleadings. The Parties further acknowledge their respective continuing obligations to supplement all

information required to be disclosed as initial disclosures under the Federal Rules of Civil Procedure.

## VIII. DISCOVERY

### A. Plaintiff's Position

Plaintiff has not taken any discovery at this time. Plaintiff intends to propound interrogatories, document requests, and take depositions. Plaintiff is agreeable to using the model Stipulated Protective Order for Standard Litigation of the Northern District of California to address any potential privacy or confidentiality concerns.

### B. Defendants' Position

Defendants intend to serve written discovery, including interrogatories and requests for production of documents relevant to the factual basis, if any, for the allegations and legal theories in the FAC. Defendants also intend to notice Plaintiff's deposition, as well as the depositions of any expert witnesses Plaintiff discloses. Defendants are agreeable to using the model Stipulated Protective Order for Standard Litigation of the Northern District of California to address any potential privacy or confidentiality concerns.

## IX. CLASS ACTION

This case is no longer a class action. On August 16, 2021, this Court dismissed the class and individual allegations in the FAC without prejudice such that the only remaining cause of action is the Eighth Cause of Action for Civil Penalties under PAGA. [Dkt. # 27.]

## X. RELATED CASES

The Parties are not aware of any related cases at this time.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff seeks unpaid wages, liquidated damages, penalties, attorneys' fees, costs, and any other relief the Court deems proper.

### B. Defendants' Position

Defendants deny that Plaintiff has been damaged by Defendants in any way and deny that Plaintiff is entitled to penalties under PAGA. Defendants reserve the right to request attorneys' fees and/or costs associated with this action at the appropriate time under any and all applicable authorities.

## XII. SETTLEMENT AND ADR

The Parties discussed ADR during their Rule 26(f) conference and intend to stipulate to an ADR process at the Case Management Conference.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to use a Magistrate Judge to preside over this action for all purposes, including trial.

## XIV. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The Parties have not identified any issues that can be narrowed by agreement or motion at this time.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case should be handled under the Expedited Trial Procedures of General Order No. 64.

## XVII. SCHEDULING

Plaintiff believes it would be premature to set a trial date prior to Plaintiff's anticipated Motion to Remand. However, should the Court feel compelled to set a trial date at the scheduling conference, the Parties propose the following dates:

| Event | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Non-Expert Discovery | May 5, 2022 | April 28, 2022 |

| Event | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Closed | | |
| Expert Disclosure | May 5, 2022 | April 28, 2022 |
| Rebuttal Expert Disclosure | May 26, 2022 | May 19, 2022 |
| Expert Discovery Closed | June 16, 2022 | June 9, 2022 |
| L/D to File Dispositive Motions | June 16, 2022 | June 9, 2022 |
| L/D to Hear Dispositive Motions | July 21, 2022 | July 14, 2022 |
| Joint Pretrial Conference Statement/Trial Briefs/Meet and Confer | September 6, 2022 | August 30, 2022 |
| Pretrial Conference | September 27, 2022 at 2:30 p.m. | September 20, 2022, at 2:30 p.m. |
| Trial | October 24, 2022 at 8:30 a.m. | October 17, 2022, at 8:30 a.m. |

## XVIII. TRIAL

### A. Plaintiff's Position

Plaintiff requests a jury trial and estimate the trial could last between ten to twenty days.

### B. Defendants' Position

Defendants request a bench trial, and estimate trial lasting 5-7 days.

/ / /

/ / /

/ / /

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Position

Plaintiff filed its Certificate of Interested Parties on July 12, 2021, and stated that there are no such third parties.

### B. Defendants' Position

Defendants filed a Certificate of Interested Parties on April 2, 2021. [Dkt. # 2.] In their Certificate, Defendants identified NDC Partners, LLC and New BG Distribution Partners, LLC, which have a 66.67% and 33.33% ownership interests in Defendant RNDC, respectively. Defendants further identified Young's Holdings, Inc. and RNDC West, LLC, which each have a 50% ownership interest in Defendant Young's.

## XX. PROFESSIONAL CONDUCT

The Parties' attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER

The Parties are not aware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Dated: October 5, 2021　　　JAMES R. EVANS, JR.
　　　　　　　　　　　　　　KAITLIN H. OWEN
　　　　　　　　　　　　　　**ALSTON & BIRD LLP**

　　　　　　　　　　　　　　BY: */s/ Kaitlin H. Owen*
　　　　　　　　　　　　　　　　　　KAITIN H. OWEN

　　　　　　　　　　　　　　Attorneys For Defendants YOUNG'S MARKET COMPANY, LLC and REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC

Dated: October 5, 2021

KANE MOON
ALLEN FEGHALI
ENZO NABIEV
**MOON & YANG, APC**

BY: */s/ Enzo Nabiev*
    ENZO NABIEV

Attorneys For PLAINTIFF SERGIO MEZA JIMENEZ

11

CASE NO. 3:21-CV-02410
JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

The Honorable Edward M. Chen

Judge of the United States District Court,
Northern District of California

**Local Rule 5-1(i)(3) Attestation**

This document includes the electronic signatures of ECM/CF users other than the filer of this document. Pursuant to Local Rule 5-1(i)(3), the filer signed below has received concurrence to represent the electronic signatures of the ECM/CF users herein. The filer shall maintain records to support this concurrence for subsequent production for the Court, if so ordered, or for inspection upon request by a party, until one year after the final resolution of the action (including appeal, if any).

Dated:  October 5, 2021        Respectfully submitted,

By: */s/ Kaitlin H. Owen*
       Kaitlin H. Owen